## The People *against* Thompson.

Forging the following order: " Sir, the bearer, Mr. Richardson, being our par-
ticular friend, having occasion, &c. we have requested him to call on you,
desiring you to accept his draft on us, on demand for 15 dollars; your com-
pliance will much oblige," &c. is not forging an order for the payment of
money within the statute. But see a subsequent statute, (24 sess. c. 54,)
by which it is declared to be forgery.

The prisoner was convicted of forging and uttering an
order for the payment of money. The paper set forth in the
indictment was as follows: " New-Port, 15th July, 1801.
Captain Godfrey, sir, The bearer, Mr. Richardson, being our
particular friend, who has occasion to proceed from New
York to Philadelphia, we have requested him to call on you,
desiring you to accept his draft on us, on demand, for fif-
teen dollars ; your compliance will much oblige, sir,

Your humble servants,

GIBBS AND CHANNING."

*W. Morton*, in behalf of the prisoner, now moved in arrest
of judgment, on the ground, 1. That the paper set forth in
the indictment, is not an order for the payment of money,
within the statute. 2. That it does not appear in the paper,
nor is it averred in the indictment, that Gibbs and Channing
had any authority to make the order.

*Colden*, District Attorney, contra.

*Per Curiam.* Admitting the paper to be an order for the
payment of money, it is not an order of the kind intended by
the act. It has long been settled in England, upon a
similar statute, that the order within its purview,
[*343]    *must be one importing a *right* on the part of the
person who is supposed to have made it, and a *duty*
on the part of the person on whom it is made: (1 Leach,
111, note.) That where it seems to leave compliance or re-
fusal *optional*, and applies rather to the *favor* than the *jus-
tice* of the person on whom it is drawn, it is not within the
statute, as not being an order on which the party taking it
can place any reliance. It is the usurpation of another's

right which the legislature intended to punish and prevent. In *Mitchell's case*, (Fost. 19,) the order was, " I desire you to let A. have, &c. and I will see it paid for." So in the case of George Williams, (1 Leach, 134,) the order was, " please to let the bearer have twelve barrels of tar, and you will oblige," &c. In the case of Eller, (1 Leach, 365,) the order was, " please to send ten pounds by the bearer, as I am so ill I cannot wait on you;" and in *Church's case*, (2 Leach, 615,) the order was, " please to send by the bearer eight pounds of silk." In all these cases it was ruled that the order was not within the act, because it did not purport to be the order of a person who had, or assumed to have *authority* to make it.

In the present case, there is no pretence of *right* in Gibbs and Channing to make the order. It is a mere request as a favor. It states the bearer to be their *particular friend*, and had occasion to go to Philadelphia; which circumstances are totally idle, unless to fortify the application *for a favor.* It says, we requested him to call on you, *desiring* you to accept, &c. *your compliance will much oblige*, &c. The whole is matter of *favor*, and not the usurpation of a *right ;* and according to the English decisions, we must declare, that this is not an order for the payment of money within the meaning of the statute.

The legislature of this state have been sensible of this construction and have accordingly, on the revision of the statute relative to forgery, which will go into operation *in October, amended the act so as to extend [*344] it to orders, purporting to be made without, as well as with right or authority, in the person whose name may be forged. But the act, thus amended, cannot now help the present indictment. We are, therefore, of opinion that the judgment ought to be arrested.

Judgment arrested.(a)

(a) The Revised Statutes of New York provide that " every person who, with intent to injure or defraud, shall falsely make, alter, forge, or counterfeit any instrument or writing, being, or purporting to be, the act of another, by which any pecuniary demand or obligation shall be, or shall purport to be, created, increased, discharged or diminished, or by which any rights or proper-

The People v. Thompson.

ty whatever, shall be, or purport to be, transferred, conveyed, discharged, diminished or in any manner affected, the punishment of which is not hereinbefore prescribed : by which false making, forging, altering or counterfeiting, any person may be affected, bound, or in any way injured in his person or property, upon conviction thereof, shall be adjudged guilty of forgery in the third degree. (2 R. Stat. 2d ed. p. 560, § 33. See also id. § 32.) The principal case, however, arose upon a statute similar to 7 Geo. II. c. 22, (see also 11 Geo. IV. and 1 Will. IV. c. 66,) within which Mr. Chitty observes, (3 Chit. Crim. Law, Am. ed. of 1832, p. 1033,) "it has been holden that the document forged, must be such as appears to give to the bearer a disposing power over the property which he demands ; it must assume to transfer the right at least of the custody of the goods to the offender ; and not be a mere request to a third person to deliver the articles in question which he may evidently refuse if he pleases. (Fost. 119.) But in general, the essence of the crime does not consist in the order being such as not only supposes the right in the party supposed to make it, but as will appear to the party to whom it is directed, to throw on him the duty of compliance. It is sufficient if it assume on the face of it, to be an instrument of this kind. The distinction is, that when an order is so drawn as to induce a belief in the person to whom it is uttered, that it will be complied with, the offence is within the act, though it could not deceive the party to whom it is drawn ; but if it seems to have the compliance optional, and applies rather to the favor than the justice of the person to whom it is addressed, it is not within the meaning of the statute, because the individual taking it can place no reliance on its credit. (1 Leach, 95, in notis.) Thus, a note as from an overseer of the poor to a tradesman, desiring him to deliver goods to the prisoner, is not an object of forgery within the act. (Fost. 119.) So where the prisoner drew a bill, 'Please to pay on demand 15l.' and signed it with his own name, but it was not addressed to any one, there were forged upon this instrument, when uttered, the words and signature, 'Payable at Messrs. Masterman & Co. White Heart-court. William M'Inerheny.' M'Inerheny kept cash at Masterman & Co.'s who were bankers ; the judges held that this was not an order for payment of money, there being no special averments in the indictment that this was intended for an order, or that Masterman & Co. were bankers. (Russ. & Ry. C. C. 161.)

An order drawn in the name of another in these words, " Messrs. D. & D. please to let the bearer trade ten dollars out of your store, and oblige yours," &c. has been held a forgery within the Connecticut statute ; (State v. Cooper, 5 Day, 250 ;) and an order so drawn in the following words, " Mr. S., Sir, let the bearer trade thirteen dollars twenty-five cents, and you will oblige," &c. has been held within the New York Statute, sess. 24, c. 54 ; (People v. Shaw, 5 Johnson, 236 ;) and in Massachusetts, an order in these words, " Mr. P., Sir, deliver my son one pair of walking shoes, and charge the same to me, yours, J. F." has been held within their statute. (Commonwealth v. Fisher, 17 Mass. R. 46. See further, Ames case, 2 Greenleaf, 265. People v. Farrington, 14 Johns. R. 348. People v. Finch, 5 id. 237. Foulker's case, 2 Robinson, 836. Barbour's Ma. Crim. Law, 101, 102, 108. Stephens' Criminal Law, 207.)